IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>                Plaintiff,<br><br>v.<br><br>TODD R. WILCOX et al.,<br><br>                Defendants. | **MEMORANDUM DECISION & ORDER DISMISSING DEFENDANT & ORDERING SERVICE ON REMAINING DEFENDANTS**<br><br>Case No. 2:15-CV-145-TS<br><br>District Judge Ted Stewart |

Plaintiff/inmate, Michael A. Bacon, filed a *pro se* civil rights case, *see* 42 U.S.C.S. § 1983 (2017), proceeding *in forma pauperis*, *see* 28 *id.* 1915. The Court now screens his Amended Complaint, under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *See id.* §§ 1915-1915A.

## DISMISSAL ORDER

### 1. Claims

Plaintiff names as defendants Salt Lake County Jail affiliates Todd Wilcox, Brad Lewis, Eric Lindley, Patrick Gee, Deputy Backman, and Lt. Denerio. He alleges that Defendant Backman wrongfully endangered him, resulting in an injury for which he was given inadequate medical treatment.

### 2. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing claims for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards

them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

### 3. Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Plaintiff may not name an entity or individual as a defendant based solely on supervisory position.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).  Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983."  *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Considering these guidelines, the Court concludes that Plaintiff has done nothing to affirmatively link Defendant Denerio to his claims, but has instead identified him merely as someone who denied grievance(s)--and has not tied any material facts to him.  Plaintiff's claims against this defendant therefore may not survive this screening.  And Defendant Denerio is thus dismissed.

**ORDER FOR SERVICE OF PROCESS ON REMAINING DEFENDANTS**

The Court concludes that official service of process is warranted on the remaining defendants. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Amended Complaint, (*see* Docket Entry # 31), along with this Order, upon the following Salt Lake County-related defendants: **Todd R. Wilcox, Brad Lewis, Eric Lindley, Patrick Gee and Deputy Backman.**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

    (i) within 20 days of service, file an answer;

    (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1]; and,

    (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

    In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service,

    (i) file an answer; or

    (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

    (i) within 20 days of service, file an answer;

    (ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

    (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing his answer.

The parties shall take note that local rules governing civil cases are in effect. This Court will order the parties to refile summary-judgment motions which do not follow the standards. *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

    Plaintiff is notified that if Defendants move for summary judgment Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil

5

Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant Denerio is **DISMISSED.**

(2) Plaintiff's motion for service of process is **GRANTED**. (*See* Docket Entry # 32.) The USMS shall serve a completed summons, a copy of the Amended Complaint, (*see* Docket Entry # 31), and a copy of this Order upon the above-listed **remaining** defendants--**Todd R. Wilcox, Brad Lewis, Eric Lindley, Patrick Gee and Deputy Backman.**

(3) Within twenty days of service, Defendants must file an answer or motion to dismiss, as outlined above.

(4) If filing (on exhaustion or any other basis) a *Martinez* report, Defendants must do so within 90 days of filing his answer(s). Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

(5) If served with a *Martinez* report, Plaintiff may file a response within 30 days of the report's filing date.

(6) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(7) Summary-judgment motion deadline is 120 days from filing of answer.

(8) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

DATED this 15th day of February, 2017.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court