IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| MICHAEL A. BACON, | |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION & ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | |
| TODD R. WILCOX et al., | Case No. 2:15-CV-145 TS |
| Defendants. | District Judge Ted Stewart |

On September 25, 2019, concluding Defendant Gee was not affirmatively linked to a civil-rights violation and Defendants Backman, Wilcox, Lewis and Lindley were not deliberately indifferent toward Plaintiff, the Court granted Defendants' summary-judgment motion. (Doc. No. 92.) Plaintiff then filed objections, which the Court construes as a motion to alter or amend the judgment. (Doc. No. 94.) Plaintiff specifically asserts that the Court erred in its conclusion that the undisputed material facts do not support Plaintiff's claim against Defendant Backman. (*Id*.)

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242

(10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff has not shown any of these three grounds for relief exist here. He does nothing more than rehash arguments that the Court decided against him. Plaintiff thus does not meet the exacting standard for relief under Rule 59(e); the Court's September 25, 2019 Order and Judgment stand.

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motion is **DENIED**. (Doc. No. 94.) This action remains closed.

DATED this 15th day of October, 2019.

BY THE COURT:

JUDGE TED STEWART
United States District Court